1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   MICHAEL NEIL JACOBSEN,              CASE NO. 1:16-cv-01050-MJS (PC)

11              Plaintiff,               **ORDER TO SHOW CAUSE WHY ACTION
                                         SHOULD NOT BE DISMISSED WITH**
12        v.                             **PREJUDICE FOR FAILURE TO OBEY A
                                         COURT ORDER AND FAILURE TO**
13   OFFICER CURRAN, et al.,             **PROSECUTE**

14              Defendants.              **(ECF No. 14)**

15

16                                       **FOURTEEN (14) DAY DEADLINE**

17

18        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

19   rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate

20   Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

21        On December 12, 2016, the Court screened Plaintiff's first amended complaint

22   and concluded that it stated cognizable claims against Defendants Curran and Dulces,

23   but no other claims. (ECF No. 12.) Plaintiff was ordered to submit service documents

24   within thirty days. (Id.) Plaintiff did so, but the documents were incomplete. (ECF Nos.

25   13, 14.) Accordingly, on January 18, 2017, the Court ordered Plaintiff to re-submit

26   completed service documents within thirty days. (ECF No. 14.) Plaintiff was warned that

27   failure to comply would result in dismissal of the action. The thirty day deadline passed

28

1  without Plaintiff submitting service documents or requesting an extension of time in
2  which to do so.

3      Local Rule 110 provides that "failure of counsel or of a party to comply with these
4  Rules or with any order of the Court may be grounds for imposition by the Court of any
5  and all sanctions . . . within the inherent power of the Court." District courts have the
6  inherent power to control their dockets and "in the exercise of that power, they may
7  impose sanctions including, where appropriate, default or dismissal." Thompson v.
8  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
9  prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure
10  to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
11  (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
12  61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a
13  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure
14  to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
15  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
16  comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
17  (dismissal for lack of prosecution and failure to comply with local rules).

18      In determining whether to dismiss an action for lack of prosecution, failure to obey
19  a court order, or failure to comply with local rules, the Court must consider several
20  factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need
21  to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy
22  favoring disposition of cases on their merits, and (5) the availability of less drastic
23  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833
24  F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

25      In the instant case, the public's interest in expeditiously resolving this litigation
26  and the Court's interest in managing its docket weigh in favor of dismissal. The third
27  factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
28  presumption of injury arises from the occurrence of unreasonable delay in prosecuting

2

1  this action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

2  public policy favoring disposition of cases on their merits -- is greatly outweighed by the

3  factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

4  sanctions, at this stage in the proceedings there is little available which would constitute

5  a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not

6  paid the filing fee for this action and is likely unable to pay, making monetary sanctions

7  of little use.

8        Accordingly, it is HEREBY ORDERED THAT:

9     1.   Within fourteen (14) days of service of this Order, Plaintiff shall either

10        submit service documents as ordered or show cause as to why this action

11        should not be dismissed with prejudice for failure to prosecute and failure

12        to comply with the Court's order (ECF No. 14); and

13     2.   If Plaintiff fails to show cause or submit service documents, the

14        undersigned will dismiss the action with prejudice.

15

16  IT IS SO ORDERED.

17  Dated:   <u>February 28, 2017</u>        /s/ <i>Michael J. Seng</i>

18                     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28