UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER CURRAN, et al.,<br><br>    Defendants. | CASE No. 1:16-cv-01050-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 47)<br><br>**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME AND REQUEST FOR COPIES**<br><br>(ECF No. 48)<br><br>**FORTY-FIVE DAY DEADLINE** |

Plaintiff is a county inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendants Curran and Gonzalez for inadequate medical care in violation of the Eighth Amendment of the United States Constitution. (ECF No. 11.)

Before the Court are Plaintiff's motion for appointment of counsel (ECF No. 47); and his motion requesting an extension of time to file opposition to Defendants' motions for summary judgment and requesting copies of Defendants' motions. (ECF No. 48.)

**I.     Appointment of Legal Counsel**

Plaintiff has filed a motion requesting the appointment of legal counsel. (ECF No. 47.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved. Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even though Plaintiff's motion reflects that he has significant personal challenges and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, even though the issues are complex, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Accordingly this motion will be DENIED.

**II.    Copies**

Plaintiff requests a copy of Defendants' motions for summary judgment (ECF Nos. 35, 38) so that he can prepare a response. (ECF No. 48.) Plaintiff reportedly has had difficulties maintaining copies of legal documents because of his frequent moves in and out of custody during this litigation. The Court has, on occasion, provided Plaintiff with

1 copies of court orders and of documents Plaintiff himself filed. (See ECF Nos. 10, 39.)
Defendants have been asked, as a courtesy, to re-serve Plaintiff in the past.

Plaintiff is reminded of his **obligation** to keep the Court and defense counsel advised of his current address. His failure to do so has resulted in unnecessary expenditure of court resources and caused the defense to take on additional burdens simply to accommodate Plaintiff.

As Plaintiff was advised, "[t]he Court will not make copies of filed documents . . . for free even for parties proceeding in forma pauperis." (ECF No. 3.) His request for Court copies will be denied. However, as an accommodation and believing it to be interest of all to see the pending motions addressed on the merits rather than by default, the Court will ask each of the two defense counsel to re-serve an additional copy of his or her summary judgment motion papers on Plaintiff at his current address within seven days of the date of this order.

No further such requests will be granted or accommodated. It is Plaintiffs responsibility to ensure mail reaches him. If he fails to do so, he, not the Court or defendants, will bear the consequences.

### III. Extension of time

Plaintiff requests an extension of time to reply to Defendants' motions for summary judgment. (ECF No. 48.) Plaintiff states that he lacks a permanent address and this makes timely responding to Court deadlines challenging.

The Court will allow Plaintiff forty-five more days to respond. He may expect that **no further extensions will be granted**. Plaintiff's opposition has been pending for three months. Regardless of Plaintiff's circumstances, the Court cannot and will not continue to delay this case further. Plaintiff must do what is necessary to see that he complies with his obligations in this case in a timely manner or he will see his case dismissed..

### IV. Conclusion and Order

Accordingly, for the foregoing reasons, it is HEREBY ORDERED THAT:

3

1. Plaintiff's motion (ECF No. 47) for appointment of counsel is DENIED;

2. Plaintiff's motion (ECF No. 48) for copies and extension of time is GRANTED IN PART AND DENIED IN PART as stated herein;

3. The Court requests that each defense counsel re-serve an additional copy of the motions for summary judgment on Plaintiff within seven days of the date of this order;

4. Plaintiff shall file an opposition or statement of non-opposition to the motions within forty-five days of the date of this order;

5. Plaintiff's failure to comply with this order may result in dismissal of the action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: January 23, 2018            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE