UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER CURRAN, et al.,<br><br>    Defendants. | CASE No. 1:16-cv-01050-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 55) |

Plaintiff is a county inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendants Curran and Gonzalez for inadequate medical care in violation of the Eighth Amendment of the United States Constitution. (ECF No. 11.)

Before the Court is Plaintiff's motion for appointment of counsel. (ECF No. 55). This is Plaintiff's second such motion. (See ECF No. 47.)

As this Court has previously noted, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490

| | |
|---|---|
| 1 | U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the |
| 2 | voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. |
| 3 | However, without a reasonable method of securing and compensating counsel, the |
| 4 | Court will seek volunteer counsel only in the most serious and exceptional cases. In |
| 5 | determining whether exceptional circumstances exist, the district court must evaluate |
| 6 | both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate |
| 7 | his claims pro se in light of the complexity of the legal issues involved. Id. (internal |
| 8 | quotation marks and citations omitted). |
| 9 | In the present case, the Court does not find the required exceptional |
| 10 | circumstances. Though Plaintiff's present motion reflects that he is contending with |
| 11 | significant personal challenges which affect his ability to prosecute this action; and he |
| 12 | has made serious allegations which, if proved, would entitle him to relief, his case is not |
| 13 | exceptional. This Court is faced with similar cases almost daily. Further, the Court |
| 14 | cannot make a determination that Plaintiff is likely to succeed on the merits. And, based |
| 15 | on a review of the record in this case, even though the issues are complex, the court |
| 16 | does not find that Plaintiff cannot adequately articulate his claims. Id. |
| 17 | Plaintiff additionally states that without counsel he does not believe that the action |
| 18 | can move forward and should be dismissed. It is unclear if Plaintiff is seeking voluntary |
| 19 | dismissal of this action, but since Defendants have appeared and answered the |
| 20 | complaint, he can no longer unilaterally dismiss. Fed. R. Civ. P. 41(a)(1)(A)(i). If Plaintiff |
| 21 | wishes to dismiss, he may do so only by filing a separate motion pursuant to Federal |
| 22 | Rules of Civil Procedure 41(a)(2) or a stipulation joined by Defendants. |
| 23 | Accordingly, it is HEREBY ORDERED that this motion (ECF No. 55) is DENIED. |
| 24 | |
| 25 | IT IS SO ORDERED. |
| 26 | Dated: February 6, 2018            /s/ *Michael J. Seng* |
| 27 | UNITED STATES MAGISTRATE JUDGE |
| 28 | |