UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL NEIL JACOBSEN, | **Case No. 1:16-cv-01050-LJO-MJS (PC)** |
|---|---|
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS NON-COGNIZABLE CLAIMS** |
| v. | |
| OFFICER CURRAN, et al., | (ECF No. 43) |
| Defendants. | **ORDER DEEMING FIRST AMENDED COMPLAINT (ECF No. 11) AMENDED TO SUBSTITUTE TIMOTHY GANIRON AS DEFENDANT IN PLACE OF DOES 1 AND 5; MINERVA MANGULABNAN AS DEFENDANT IN PLACE OF DOE 6; GENEVIEVE GARCIA AS DEFENDANT IN PLACE OF DOE 7; AND DR. BURNETT AS DEFENDANT IN PLACE OF DOES 9 AND 11** |
| | (ECF No. 11) |
| | **CLERK TO AMEND DOCKET TO REFLECT SUBSTITUTIONS** |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On December 12, 2016, the Magistrate Judge screened Plaintiff's first amended

complaint and concluded that it states cognizable Fourteenth Amendment claims for inadequate medical care against Defendants Curran, Gonzalez, and Does 1-11, as well as a cognizable First Amendment retaliation claim against Nurse Doe 7. (ECF No. 12.) Non-cognizable medical care claims against named and unnamed defendants were dismissed with prejudice. Improperly joined claims were dismissed without prejudice to Plaintiff bringing them in a separate case. (Id.)

On December 04, 2017, the Magistrate Judge re-screened Plaintiff's complaint, recognizing that a recent Ninth Circuit opinion, Williams v. King, 875 F.3d 500 (9th Cir. 2017), held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints absent the consent of all parties, even if the plaintiff has consented to magistrate judge jurisdiction, as plaintiff had here. (ECF No. 43.) Concurrently, the Magistrate Judge issued findings and recommendations recommending that the undersigned dismiss the non-cognizable claims. (Id.) The parties were given fourteen days to file objections to those findings and recommendations. Plaintiff filed objections. (ECF No. 46.) Defendants filed no response.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Plaintiff's objections do not raise an issue of fact or law under the findings and recommendations. Plaintiff objects that he would like an opportunity to properly join claims that the Magistrate Judge concluded were improperly joined. The Court finds no basis for joining these claims in this action. They were recommended for dismissal without prejudice to Plaintiff bringing them in a separate action. To the extent Plaintiff states he is uncertain which claims are being so dismissed, he is referred back to the Magistrate Judge's screening order.

With regard to the allegations that the Magistrate Judge concluded failed to state a claim, Plaintiff again states he is uncertain which claims are being dismissed and why. To the extent Plaintiff objects that the dismissal of claims is predicated upon him having pursued Doe defendants, he requests the opportunity to identify these individuals through discovery. However, the Magistrate Judge did not recommend dismissal of any

1 defendants on the basis of their being unnamed; he recommended dismissal on the ground that Plaintiff failed to link certain allegations to any named or unnamed defendant, as required under applicable pleadings rules. Plaintiff was advised of this requirement on more than one occasion and was afforded leave to amend and did not cure these defects.

Plaintiff also requests the Court provide him with a copy of his complaint. Plaintiff has made numerous requests for copies in association with this action. (See ECF Nos. 10, 39, 49.) Plaintiff is reminded that "[t]he Court will not make copies of filed documents . . . for free even for parties proceeding in forma pauperis." (ECF No. 3) Plaintiff was informed after his last request for copies that no further such requests would be accommodated. (See ECF No. 49.) Accordingly, Plaintiff's request will not be granted.

Lastly, the Court notes that, subsequent to his objections, Plaintiff lodged an amended complaint. (ECF No. 66.). The deadline to amend pleadings has passed (ECF No. 28.) and Plaintiff does not explain his inability to amend sooner. More significantly, Plaintiff's amended complaint states no new cognizable claim. Also, the proposed amended complaint also does not include claims previously deemed cognizable. Permitting Plaintiff to amend would therefore have the effect of dismissing cognizable claims from this action, an effect the Court presumes Plaintiff did not intend. Accordingly, leave to file this proposed amended complaint will be denied as futile. Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011)(noting that amendment should be considered futile if the amended pleading would not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

However, the proposed amended complaint does identify several defendants by name who previously were identified as Does. Rather than requiring Plaintiff to amend the first amended complaint to include these names, the Court will deem the first amended complaint amended to substitute as stated in caption.

In sum, having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court adopts in full the findings and recommendations filed December 04, 2017 (ECF No. 43);
2. The action shall continue to proceed on Plaintiff's cognizable Fourteenth Amendment claims for inadequate medical care against Defendants Curran, Dulces, and Does 1-11, as well as a cognizable First Amendment retaliation claim against Nurse Doe 7;
3. The improperly joined claims are dismissed without prejudice to Plaintiff bringing them in a separate action[1];
4. The remaining claims are dismissed without leave to amend for failure to state a claim;
5. To the extent Plaintiff's submissions (ECF Nos. 46, 66) may be construed as seeking leave to amend, such leave is denied; and
6. Plaintiff's first amended complaint (ECF No. 11) is deemed amended to substitute Timothy Ganiron in place of Does 1 and 5; Minerva Mangulabnan in place of Doe 6; Genevieve Garcia in place of Doe 7; and Dr. Burnett in place of Does 9 and 11; and
7. The Clerk's Office is directed to amend the court records to reflect these substitutions; and
8. The matter is referred back to the Magistrate Judge for further proceedings, including the initiation of service of process on the newly named defendants.

IT IS SO ORDERED.

Dated: **March 19, 2018**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE

9.

---

[1] The findings and recommendations stated that these claims should be dismissed without prejudice, but then recommended that they be dismissed with prejudice. The later recommendation appears to be in error. The claims will be dismissed without prejudice to their being brought in a separate action.

4