UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER CURRAN, et al.,<br><br>Defendants. | Case No. 1:16-cv-1050-LJO-MJS (PC)<br><br>**ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO COMPEL**<br><br>**(ECF NO. 37)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendants Ganiron, Mangulabnan, Garcia, Burnett, Curran, Gonzalez, and Does 2-4, 8, and 11 for inadequate medical care in violation of the Eighth Amendment of the United States Constitution. (ECF Nos. 11, 66, 68.) Defendant Curran and Gonzalez have appeared in the action. The remaining defendants are either unserved or unidentified.

Before the Court is Plaintiff's October 27, 2017, motion to compel discovery. (ECF No. 37.) Defendant Curran filed an opposition. (ECF No. 40.) Plaintiff filed no response and the time for doing so has passed. The matter is submitted. Local Rule 230(*l*).

Plaintiff seeks further responses to what are, in effect, interrogatories and requests for production of documents. The requests were served on Defendant Curran. (See ECF No. 40.) It is unclear whether they also were served on Defendant Gonzalez.

In his first request, Plaintiff sought his medical records in order to identify Doe Defendants. (ECF No. 37.) Defendant Curran advised Plaintiff that the records are maintained by a contractor, Corizon Health, and are not in Curran's possession, custody, or control. (ECF No. 40.) Plaintiff was advised to seek the records directly from Corizon Health. (Id.) It appears that he did so, as Plaintiff since has identified several of the individuals involved in this action. (ECF No. 66.) Accordingly, the Court will deny as moot the request to compel Curran to produce Plaintiff's medical records. In the event Plaintiff has been unsuccessful in obtaining records from Corizon Health, he may file a motion with the Court requesting the issuance of subpoenas, and detailing his efforts in this regard.

Plaintiff's second request sought the identity of personnel working in booking on February 15, 2016. (ECF No. 37.) Defendant Curran provided this information to Plaintiff through supplemental responses served November 16, 2017, after Plaintiff filed his motion to compel. (ECF No. 40.) Accordingly, the motion to compel a further response to this request also will be denied as moot.

Based on the foregoing, Plaintiff's motion to compel is HEREBY DENIED as moot. The denial is without prejudice to Plaintiff requesting a subpoena for his medical records in the event he has been unable to obtain them directly through Corizon Health.

IT IS SO ORDERED.

Dated:  April 3, 2018          /s/ *Michael J. Seng*
                                                                      UNITED STATES MAGISTRATE JUDGE