# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER CURRAN, *et al*.,<br><br>Defendants. | Case No. 1:16-cv-01050-LJO-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER TO PRODUCE TRANSCRIPTS<br><br>(Doc. Nos. 86, 87) |

Plaintiff Michael Neil Jacobsen is proceeding pro se in this civil rights action under 42 U.S.C. § 1983. (Doc. No. 68, at 4.) The court recently entered an order extending the discovery deadline to October 1, 2018, and the dispositive motions deadline to December 3, 2018. (Doc. No. 85.) A few days later, plaintiff filed a motion to extend the deadlines further—to January 2019 or later.[1] (Doc. No. 86.) Plaintiff states that he is "burdened by constantly coming in and out of jail for short periods of time." He alleges that mail related to this case has been lost or stolen and that the documents that he has received in discovery have been "rained on and destroyed beyond being readable." He is currently incarcerated due to a probation violation, and his sentence will conclude in December 2018.

The court denies plaintiff's motion for an extension of time. (Doc. No. 86.) The court

---

[1] Plaintiff does not state whether he has received the court's June 7, 2018 order (Doc. No. 85).

1

recently extended deadlines in this case, and plaintiff has not demonstrated good cause to extend the discovery and dispositive motions deadlines further. (*See* Doc. No. 85.)

The amended pleadings deadline expired on February 8, 2018. (Doc. No. 26.) Plaintiff did not request an extension of time until after this deadline passed. Therefore, the more demanding "excusable neglect" standard in Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure applies to this request. To determine whether a party's failure to meet a deadline constitutes excusable neglect, the court examines: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Plaintiff's motion does not address this standard. If plaintiff later renews his request to extend the amended pleadings deadline, he should address this standard.

Plaintiff has filed a second motion asking this court to direct the California Superior Court in Fresno to produce transcripts for 2016 state court proceedings related to this case. (Doc. No. 87.) Plaintiff states that he cannot afford the fee to purchase the transcripts and that he has been informed by the state court that a court order is required to obtain the transcripts. This court will not issue an order directing the state court to provide transcripts of state court proceedings. *See In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 370 (9th Cir. 2002) ("Every court has supervisory power over its own records and files . . . .") (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Plaintiff should pursue the available California Superior Court procedures for obtaining state court records. Although plaintiff is proceeding *in forma pauperis*, the court is without authority to assist with the cost of obtaining the records. *See* 28 U.S.C. § 1915 (authorizing assistance for filing fees and service of process to litigants authorized to proceed *in forma pauperis*). Plaintiff's motion is denied.

Accordingly,

1. plaintiff's motion for an extension of time (Doc. No. 86) is denied without prejudice; and
2. plaintiff's motion for a court order to obtain transcripts (Doc. No. 87) is denied.

IT IS SO ORDERED.

Dated: June 19, 2018

/s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE